IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MIMEDX GROUP, INC., <br><br> Plaintiffs, <br><br> v. <br><br> LIVENTA BIOSCIENCE, INC., MEDLINE INDUSTRIES INC., and MUSCULOSKELETAL TRANSPLANT FOUNDATION, <br><br> Defendants. | CIVIL ACTION FILE NO. 1:14-CV-01178-MHC |

**PLAINTIFF'S MOTION FOR LEAVE TO SEAL OPPOSITION TO DEFENDANTS' RENEWED MOTION FOR A PARTIAL STAY AND RELATED MATERIALS**

Pursuant to Section II.F. of the Court's Standing Order, Plaintiff MiMedx Group, Inc. ("MiMedx") respectfully requests the Court's permission to file the following documents under seal:

1. Plaintiff's Opposition to Defendants' Renewed Motion for Partial Stay ("MiMedx's Opposition");

2. Exhibit A in Support of MiMedx's Opposition;

3. Exhibit B in Support of MiMedx's Opposition;

4. Exhibit C in Support of MiMedx's Opposition;

5. Exhibit D in Support of MiMedx's Opposition;

1

6. Exhibit E in Support of MiMedx's Opposition;

7. Exhibit F in Support of MiMedx's Opposition; and

8. Exhibit G in Support of MiMedx's Opposition.

MiMedx's Opposition and corresponding Exhibits A-G refer to (and attach) information that Defendant Medline Industries, Inc. has designated as "Highly Confidential- Attorneys' Eyes Only" pursuant to the Stipulated Protective Order (D.I. 78) entered on October 20, 2014. MiMedx has agreed to treat such information as Highly Confidential- Attorneys' Eyes Only. Less drastic alternatives than sealing will not provide adequate protection because the information obtained within is so sensitive and confidential that the disclosure of such information, whether separately or in conjunction with other information being disclosed, is believed in good faith by the Medline to have the potential for causing competitive harm or giving a competitive advantage to others.

The common law right of access may be overcome by a showing of good cause. *Romero v. Drummond Co*., 480 F.3d 1234, 1246 (11th Cir. 2007). In balancing the public interest in accessing court documents against a party's interest in keeping the information confidential, courts consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information,

whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents. *Id.* Each of these factors weighs in favor of sealing Medline's confidential information. Disclosure of this information would harm Medline's legitimate privacy interests in its confidential business information, and Medline is likely to be injured if the information becomes public. MiMedx has served its Opposition and the accompanying exhibits to all Defendants, and therefore there will be an opportunity for the Defendants to respond to the information and Defendants will not be prejudiced by the information being filed under seal. The information does not concern public officials or public concerns. And as discussed above, there is no less onerous alternative to sealing the documents.

MiMedx recognizes that any documents (including briefs), tangible things or information designated as Confidential that are submitted to the Court in support of or in opposition to a motion or introduced at a hearing or during trial may retain their protected confidential status only by order of the Court in accordance with the procedures outlined in Section F of the Court's Standing Order Regarding Civil Litigation. As set forth above, however, MiMedx believes that its Opposition and certain related exhibits contain confidential information, and that MiMedx must seek the Court's permission to file those documents under seal.

Respectfully submitted,
September 28, 2015

                ALSTON & BIRD LLP

                */s/ Matthew W. Howell*
                Wesley C. Achey
                Georgia Bar No 141284
                Matthew W. Howell
                Georgia Bar No. 607080
                ALSTON & BIRD LLP
                1201 West Peachtree St. NW
                Atlanta, GA  30309-3424
                Tel:  (404) 881-7000
                Fax: (404) 881-7777
                Email:  wes.achey@alston.com
                Email: matt.howell@alston.com

                *Of Counsel:*
                Deepro R. Mukerjee
                  *(pro hac vice)*
                New York Bar No. 4046157
                Thomas J. Parker
                  *(pro hac vice)*
                New York Bar No. 2499846
                Natalie C. Clayton
                  *(pro hac vice)*
                New York Bar No. 4409538
                Poopak Banky
                  *(pro hac vice)*
                New York Bar No. 4683231
                ALSTON & BIRD LLP
                90 Park Avenue
                New York, NY 10016
                Tel: (212) 210-9400
                Fax: (212) 210-9444
                Email:  deepro.mukerjee@alston.com

        Email:  thomas.parker@alston.com
        Email:  natalie.clayton@alston.com
        Email:  paki.banky@alston.com

*Attorneys for MiMedx Group, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 28, 2015, I electronically filed the foregoing document with the Clerk of Court using CM/ECF, which will send electronic notification of such filing to all registered counsel.

/s/ Matthew W. Howell
Matthew W. Howell
ALSTON & BIRD LLP
1201 West Peachtree St. NW
Atlanta, GA 30309
Tel: (404) 881-7000
Fax: (404) 881-7777
Email: matthew.howell@alston.com

*Attorney for Plaintiff MiMedx Group, Inc.*
