IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MIMEDX GROUP, INC., <br><br> Plaintiff, <br><br> v. <br><br> LIVENTA BIOSCIENCE, INC.; MEDLINE INDUSTRIES INC.; and MUSCULOSKELETAL TRANSPLANT FOUNDATION, <br><br> Defendants. | Civil Action No. 1:14-cv-01178-MHC |

### [PROPOSED] ORDER ENTERING CONSENT DECREE AND FINAL JUDGMENT

The Court having considered the parties' Consent Decree and Final Judgment, it is THEREFORE ORDERED that:

1. All claims of MiMedx's Second Amended Complaint [D.I. 178] are hereby DISMISSED WITH PREJUDICE;

2. All counterclaims asserted in MTF's Answer to Amended Complaint [D.I. 182] and Medline's Answer to Amended Complaint [D.I. 181] are hereby DISMISSED WITH PREJUDICE;

3. A final judgment of validity of the '494 patent is hereby ENTERED;

4. Final judgment under Fed.R.Civ.P 58 dismissing with prejudice all claims, counterclaims, and demands in the litigation is hereby ENTERED; and

5. The parties shall bear their own costs and attorneys' fees.


ENTERED this 11th day of January, 2018.

                                                                                                               */s/ Mark H. Cohen*
                                                                                                               Hon. Mark H. Cohen
                                                                                                               Judge, United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MIMEDX GROUP, INC.,<br><br>Plaintiff,<br><br>v.<br><br>LIVENTA BIOSCIENCE, INC.;<br>MEDLINE INDUSTRIES INC.; and<br>MUSCULOSKELETAL<br>TRANSPLANT FOUNDATION,<br><br>Defendants. | Civil Action No. 1:14-cv-01178-MHC |

## CONSENT DECREE AND FINAL JUDGMENT

Plaintiff MiMedx Group, Inc. ("Plaintiff") and Defendants Musculoskeletal Transplant Foundation ("MTF"), Medline Industries Inc. ("Medline"), and Liventa Bioscience, Inc. ("Liventa") (collectively, the "Defendants"), by and through their undersigned counsel, stipulate and agree as follows:

WHEREAS Plaintiff filed a Second Amended Complaint asserting infringement of, among others, U.S. Patent No. 8,709,494 ("the '494 patent") against MTF (D.I. 178);

WHEREAS MTF Answered Plaintiff's Second Amended Complaint and pled a counterclaim for Declaratory Judgment of invalidity of the '494 patent in

1

Count 12 (D.I. 182);

WHEREAS a jury trial is set to begin on January 22, 2018 regarding infringement and validity of the '494 patent (D.I. 330, D.I. 331);

WHEREAS, on March 9, 2016, this Court issued an Order adopting the Report and Recommendation of the Special Master regarding the construction of certain terms and phrases of the Patents-in-Suit (the "Claim Construction Order");

WHEREAS, the March 9, 2016 Claim Construction Order construed the term "washed and/or substantially cleaned [amnion/chorion] layers" to mean "amnion/chorion] layers having substantially all of the blood clots and the spongy/connective tissue removed."

WHEREAS the parties have agreed to a confidential settlement resolving all claims, counterclaims, affirmative defenses and demands in the litigation; and

WHEREAS, MTF acknowledges the validity of the '494 patent;

WHEREAS, as part of the settlement, the parties desire that all claims, counterclaims, affirmative defenses and demands arising out of the Second Amended Complaint be dismissed with prejudice.

NOW THEREFORE, the parties hereby stipulate and agree, subject to approval of the Court, as follows:

IT IS ORDERED AND ADJUDGED that all claims of MiMedx's Second

2

Amended Complaint [D.I. 178] are dismissed with prejudice;

IT IS FURTHER ORDERED AND ADJUDGED that all counterclaims asserted in MTF's Answer to Amended Complaint [D.I. 182] and Medline's Answer to Amended Complaint [D.I. 181] are dismissed with prejudice;

IT IS FURTHER ORDERED AND ADJUDGED that, a final judgment of validity of the '494 patent is hereby entered;

IT IS FURTHER ORDERED AND ADJUDGED that final judgment is hereby entered under Fed.R.Civ.P 58 dismissing with prejudice all claims, counterclaims, and demands in the litigation; and

IT IS FURTHER ORDERED AND ADJUDGED that the parties shall bear their own costs and attorneys' fees.

Dated: January 11, 2018                    Respectfully submitted,

/s/ Mark G. Trigg
Mark G. Trigg
Georgia Bar No. 716295
GREENBERG TRAURIG, LLP
Terminus 200 3333 Piedmont Road NE, Suite 2500
Atlanta, GA 30305
Tel: (678) 553-2415
Fax: (678) 553-2416
Email: triggm@gtlaw.com

Michael A. Nicodema (admitted *pro hac vice*)
James L. Ryerson (admitted *pro hac*

3

*vice*)
GREENBERG TRAURIG, LLP
500 Campus Drive, Suite 400
Florham Park, NJ 07932
Tel: (973) 360-7900
Fax: (973) 301-8410
Email: nicodemam@gtlaw.com
Email: ryersonj@gtlaw.com

*Attorneys for Defendant Musculoskeletal Transplant Foundation*

/s/ Wesley C. Achey
Wesley C. Achey
Georgia Bar No. 141284
Matthew W. Howell
Georgia Bar No. 607080
ALSTON & BIRD LLP
1201 West Peachtree St. NW
Atlanta, GA 30309
Tel: (404) 881-7000
Fax: (404) 881-7777
Email: wes.achey@alston.com
Email: matthew.howell@alston.com

Of Counsel:
Deepro R. Mukerjee (*pro hac vice*)
New York Bar No. 4046157
ALSTON & BIRD LLP
90 Park Avenue
New York, NY 10016
Tel: (212) 210-9400
Fax: (212) 210-9444
Email: deepro.mukerjee@alston.com

*Attorneys for Plaintiff MiMedx Group, Inc.*

4

## CERTIFICATE OF SERVICE

I hereby certify that on January 11, 2018, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to all counsel of record who are deemed to have consented to electronic service.

>/s/ *Wesley C. Achey*
Wesley C. Achey
Georgia Bar No. 141284
ALSTON & BIRD LLP

*Attorney for Plaintiff MiMedx Group, Inc.*

## CERTIFICATE OF COMPLIANCE WITH LR 5.1

I hereby certify that the foregoing document is written in 14 point Times New Roman font in accordance with Local Rule 5.1.

>/s/ *Wesley C. Achey*
Wesley C. Achey
Georgia Bar No. 141284
ALSTON & BIRD LLP

*Attorney for Plaintiff MiMedx Group, Inc.*